*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J BRANDON, Minor.

UNPUBLISHED
January 20, 2026
11:43 AM

No. 375814
Jackson Circuit Court
Family Division
LC No. 23-002989-NA

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

Respondent appeals the trial court's order terminating her parental rights to her minor child, arguing in relevant part that the trial court did not follow proper notice requirements under the Indian Child Welfare Act (ICWA), 25 USC 1901 *et seq.* and the Michigan Indian Family Preservation Act (MIFPA), MCL 712B.1 *et seq.* Because the trial court did not comply with the procedures of ICWA and MIFPA, we conditionally reverse the trial court's order and remand for resolution of the notice issue.

The Department of Health and Human Services (DHHS) petitioned the trial court to take jurisdiction over respondent's child, alleging that respondent failed to provide the child with necessary medical care and a fit home environment. At the preliminary hearing, respondent informed the trial court that the child had possible Blackfoot and Cherokee heritage. DHHS informed the trial court that it was not aware of the possible ancestry and that it would send "the necessary and correct things" if they had not already been sent. No other mention of the child's possible Native American ancestry was made on the record. DHHS's petition led to the child's removal from respondent, and eventually, respondent's parental rights were terminated.

Respondent argues on appeal that the trial court erred by failing to follow the statutory notice requirements of ICWA and MIFPA. We review de novo issues involving the application and interpretation of these statutes. *In re Morris*, 491 Mich 81, 97; 815 NW2d 62 (2012). ICWA requires the following:

In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement,

or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. [25 USC 1912(a).]

Further, 25 CFR 23.107(b) requires the following:

If there is reason to know the child is an Indian child, but the court does not have sufficient evidence to determine that the child is or is not an "Indian child," the court must:

(1) Confirm, by way of a report, declaration, or testimony included in the record that the agency or other party used due diligence to identify and work with all of the Tribes of which there is reason to know the child may be a member (or eligible for membership), to verify the child is in fact a member (or a biological parent is a member and the child is eligible for membership); and

(2) Treat the child as an Indian child, unless and until it is determined on the record that the child does not meet the definition of an "Indian child."

MIFPA contains similar requirements. If there is a violation of the notice requirement, then the proper remedy "is to conditionally reverse the trial court and remand for resolution of the ICWA-notice issue." *In re Morris*, 491 Mich at 122.

Here, the record does not demonstrate that notice was provided to the relevant tribes as required by ICWA and MIFPA. The trial court did not confirm with DHHS that it used diligence to verify that the child was a member of a tribe, did not treat the child as an Indian child, and did not determine on the record that the child does or does not meet the definition of an Indian child. On appeal, DHHS recognizes that the trial court erred with regard to the notice requirements of ICWA and MIFPA and asks this Court to reverse conditionally and remand to the trial court so that the issue can be addressed.

Consistent with *In re Morris*, 491 Mich at 122, *In re Jones*, 316 Mich App 110, 118; 894 NW2d 54 (2016), and DHHS's request on appeal, we conditionally reverse and remand the case to the trial court for compliance with the requirements of ICWA and MIFPA, and we do not reach the merits of respondent's remaining arguments pertaining to statutory grounds and best interests. On remand, if the trial court establishes that the notice provisions of ICWA and MIFPA do not apply or were otherwise satisfied, the order terminating respondent's parental rights should be reinstated. Alternatively, if the notice provisions of ICWA and MIFPA do apply and were not satisfied, then the order terminating respondent's parental rights must be vacated and all proceedings must begin anew in accord with those statutes. *In re Morris*, 491 Mich at 123.

We conditionally reverse and remand to the trial court for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace

-2-

IN RE J BRANDON MINOR

Docket No. 375814

LC No. 23-002989-NA

Brock A. Swartzle
Presiding Judge

Kristina Robinson Garrett

Randy J. Wallace
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. We retain jurisdiction. After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 21 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded. As stated in the accompanying opinion, because the trial court did not comply with the procedures of ICWA and MIFPA, we conditionally reverse the trial court's order and remand for resolution of the notice issue.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

Appellant may file a supplemental brief addressing the issues resulting from the remand proceedings within 21 days after the entry of the trial court's order deciding the matter or the filing of the transcript of the remand proceedings in the trial court, whichever is later. If appellant does not file a

supplemental brief, appellee may file a supplemental brief within 21 days after appellant's time for filing has run.  A responsive brief may be filed within 14 days of service of the supplemental brief.

_____
Presiding Judge



A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

_____January 20, 2026_____
Date

_____
Chief Clerk